IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>**v.**<br><br>ADOLFO LEÓN GARCÍA-SIERRA [19],<br><br>**Defendants.** | **Criminal No.** 14-166 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

Before the Court is defendant Adolfo León García-Sierra ("García")'s two motions to credit jail time pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). (Docket Nos. 779 and 782.) Because García's motions were filed in the wrong court, and for the following reasons, the Court **DENIES** his motions for lack of jurisdiction.

I.  **Background**

On August 29, 2016, García was found guilty of Count Two of the Third Superseding Indictment which charged him with conspiring to possess with intent to manufacture, distribute and dispense five kilograms or more of cocaine in violation of 21 U.S.C. § 846; and Count Three for conspiring to import five kilograms or more of cocaine into the United States in violation of 21 U.S.C. § 963. (Docket No. 510.)  On November 29, 2016, the Court sentenced García

Criminal No. 14-166 (FAB)                                                                 2

to 224 months and eight days of imprisonment followed by a supervised release term of five years.  (Docket No. 539.)  On May 7, 2019, in a related Criminal Case No. 14-726-02, García was sentenced to 135 months in prison to be served concurrently with the 224-month sentence imposed by this Court.  <u>See</u> Cr.14-726-02 (ADC), Docket No. 1181.

On April 29, 2021, García's conviction was affirmed, but the judgment was vacated and remanded by the First Circuit Court of Appeals for resentencing because the record did not sustain García's supervisory role.  (Docket No. 677.)  Accordingly, he was resentenced to 150 months of imprisonment and five years of supervised release on each count, the imprisonment and the release terms to be served concurrently with each other.

On May 15 and May 21, 2024, García filed *pro se* Motions to Credit Jail Time pursuant to the First Step Act.  (Docket Nos. 779 and 782.)  García contends that he was awarded time credit for his 150-month sentence imposed by this Court but was not given similar credit for his concurrent 135-month sentence imposed in Criminal Case No. 14-726-02 (ADC).  Defendant also contends that he should be awarded credit for the time that he spent incarcerated in Colombia after being arrested for this case and awaiting extradition.  (Docket Nos. 779 and 782.)

**II.  Legal Standard**

When dealing with a *pro se* filing, the Court may hold the *pro se* claim, within reason, to a less demanding standard than those drafted by lawyers.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) ("[courts] are solicitous of the obstacles that *pro-se* litigants face, and while not exempt from procedural rules, we hold *pro-se* pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of *pro-se* claims due to technical defects.")

**III. Discussion**

A federal prisoner may challenge the execution of his sentence, such as the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. § 2241 ("section 2241") in the district court for the federal judicial district where the prisoner is in custody.  See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  While García has not specified exactly the kind of motions he has filed or, indeed, that he filed the motions pursuant to the First Step Act at all, given his status as a *pro se* litigant the Court treats his motions as section 2241 petitions.  A section 2241 petition is made against "the person who holds [the petitioner] in what is alleged to be unlawful custody."  Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973).  Therefore, this Court

Criminal No. 14-166 (FAB)                                                4

may not grant a section 2241 petition unless it has jurisdiction over a petitioner's custodian. Id. at 495.

According to the Federal Bureau of Prisons inmate lookup, García is currently incarcerated in the Federal Correctional Institution Thomson, in Thomson, Illinois ("FCI Thomson"). See Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 12, 2024). Because this Court does not have jurisdiction over the petitioner's current custodian, the Court has no jurisdiction to decide the merits of his section 2241 petitions. See Totaro v. United States, No. 4:19-CV-4057-RAL, 2019 WL 13240365, at *1 (D.S.D. Aug. 13, 2019) (holding that the court did not have jurisdiction over the petitioner's case because First Step Act petitions under section 2241 must be filed in the judicial district with jurisdiction over the prisoner's current custodian); Handford v. Spaulding, No. 9:19-CV-0434(LEK/DEP), 2019 WL 2122930, at *4 (N.D.N.Y. May 15, 2019) (same).

In order for García's petitions to be properly considered he must do the following:  (1) ensure that he has exhausted all possible administrative remedies within the Bureau of Prisons before filing his petitions in court, (2) file his petitions as section 2241 petitions, and (3) file his section 2241 petitions in the United States District Court for the Northern District of

Criminal No. 14-166 (FAB)                                                    5

Illinois, the court that has jurisdiction over FCI Thomson, which he did not do, having filed his petitions in this Court.

## IV. Conclusion

For the above reasons the defendant's petitions (Docket Nos. 779 and 782) are **DENIED** for lack of jurisdiction.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 12, 2024.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        SENIOR UNITED STATES DISTRICT JUDGE